# MILDRED J. McNIFF v. STATE, DEPARTMENT OF PUBLIC WELFARE, AND ANOTHER.

176 N. W. (2d) 888.

April 24, 1970—No. 41799.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, *Eric B. Schultz,* Assistant Attorney General, and *Craig R. Anderson,* Special Assistant Attorney General, for appellant.

*Brown, Bins & Ring,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Theodore B. Knudson, JJ.

NELSON, JUSTICE.

Appeal by the State of Minnesota, Department of Public Welfare, and the Olmsted County Welfare Department from an order of the Olmsted County District Court reversing a decision of the commissioner of public welfare which had affirmed a cancellation of respondent's public medical assistance grant.

Since September 1966, respondent has been confined, as an invalid, to the Samaritan Nursing Home in Rochester, Minnesota. Through August 1967, the cost of her care at the nursing

home was met through the medical assistance program (medicaid) pursuant to Minn. St. c. 256B. On September 1, 1967, her medical assistance was canceled when the Olmsted County Welfare Department learned that her husband's estate was in probate and that his will would establish a trust in the amount of approximately $22,000 for the benefit of respondent and her 28-year-old mentally retarded daughter.

An appeal was taken to the Department of Public Welfare, which ruled that respondent's interest in the testamentary trust placed her outside the class of persons eligible for medical assistance. Under Minn. St. 256B.06(7), this class is restricted to individuals who, "if single, [do] not have more than $750 in cash or liquid assets * * *."[1]

The case was appealed to the district court, which reversed the department's findings on the ground that respondent did not acquire an interest in the trust amounting to more than $750 in cash or liquid assets. The reversal was based upon the discretionary nature of the trust, under which, according to the court's reasoning, the trustee could in his discretion totally exclude the testator's widow from receiving any benefits from the trust. The court found the following provision of the will pertinent:

"Until the death of the survivor of either my wife, Mildred J. McNiff, or my daughter, Susan Jane McNiff, the trustee shall administer the trust estate for the benefit of my wife and my said daughter, or the survivor of either, and the trustee shall apply the income in such proportion together with such amounts of the principal as the trustee, in its discretion, deems advisable for the maintenance, care, support and education of both my wife and my said daughter."

---

[1] The only other property ownership limitation which Minn. St. c. 256B imposes on a medical assistance recipient appears in § 256B.06(6) which restricts payments to those who do "not have equity in real property in excess of $15,000 * * *."

The trust also contains a spendthrift provision.

The district court thereupon determined that the order of the Department of Public Welfare was null and void, and it further ordered the department to provide medical assistance for respondent.

The following issues are involved on this appeal: (1) Does the trust instrument permit the trustee in his uncontrolled discretion to totally exclude one of the two beneficiaries from beneficial enjoyment of either the corpus or the income? (2) Does respondent's interest in the trust make her ineligible for medical assistance under Minn. St. c. 256B?

■ It is the cardinal rule of will construction that the intention of the testator, as expressed in the language used in the will, shall be controlling if it is not inconsistent with the rules of law. Such intention is to be gathered from everything contained within the four corners of the instrument, read in the light of surrounding circumstances. In re Trusteeship Created Under Will of Ordean, 195 Minn. 120, 125, 261 N. W. 706, 708; In re Trust Created by Will of Tuthill, 247 Minn. 122, 76 N. W. (2d) 499.

■ The provision of the will quoted above contains language conferring discretion on the trustee. However, we deem it not the intention of the testator to grant the trustee discretion to apply income or principal in favor of one beneficiary to the total exclusion of the other unless alternative means of support were available. The instrument requires that the trustee provide "for the maintenance, care, support and education of *both* my wife and my said daughter." (Italics supplied.)

Furthermore, the settlor gave the trustee discretion to make payments out of principal even to the extent of depleting the entire corpus. Such language, it seems to this court, cannot more clearly express the intention of the testator that both his wife and daughter be provided for out of the trust property.

Respondent argues that the testator intended his retarded daughter to receive the major portion of the trust property as

44

long as an alternative means of support, namely, state medical assistance, was available to his widow. However, this contention implies that the testator intended his widow to be a public charge. It is not proper to say that the testator wanted the benevolence of the state to be used as the vehicle for preserving the trust estate for the benefit of his daughter.

■ Respondent, relying upon Restatement, Trusts (2d) § 155, comment *b,* further contends that the two beneficiaries designated in the trust make up a class from which one member may be excluded altogether in the discretion of the trustee.

It is true that a trustee, if given discretionary powers, may totally exclude from benefits of a trust one or more members of a class of beneficiaries. Restatement, Trusts (2d) § 155, comment *d.* However, this power to exclude arises only when the settlor expressly grants the trustee discretion to exclude a beneficiary. The following is an example of this type of trust: "A bequeaths $100,000 to B in trust to pay or apply the income for the benefit of C and his wife *or either of them in his discretion."* (Italics supplied.) Restatement, Trusts (2d) § 155, Illustration 1. As already pointed out, the testator in the instant case did not grant the trustee authority to exclude either of the beneficiaries. Rather, his express intent was to provide for *both* his widow and his daughter.

■ Having concluded that the trustee may not exclude respondent from beneficial enjoyment of the trust assets, we must next determine whether respondent's interest in the trust is characterized as a "liquid asset," pursuant to Minn. St. 256B.06(7), so as to disqualify her from receiving medical assistance. We conclude that her interest is such a liquid asset.

The term "liquid assets" cannot, without doing injustice to the purpose of the medical assistance program as stated in § 256B.01, be interpreted as narrowly as respondent contends. Such purpose is to provide "[m]edical assistance for needy persons whose resources are not adequate to meet the cost of such care * * *." See, also, 42 USCA, § 1396a(a) (17, 25). Those per-

sons with adequate resources are not entitled to medical assistance. We cannot in good conscience hold that a testator may place assets in a discretionary trust of the type present in the instant case and thereby remove such assets from consideration when the resources of a beneficiary are being determined for purposes of receiving medical assistance.

■ Respondent contends, however, that her interest in the trust is only an inchoate or expectant interest and cannot rightfully be characterized as a liquid asset. Pursuant to Minn. St. 501.17, the beneficiary of an express trust takes "no estate or interest in the lands but may enforce the performance of the trust in equity." This statute allows the beneficiary to compel the trustee to disburse at least a portion of the trust assets for her benefit. This right is sufficient to qualify the trust under which the right arises as a "liquid asset."

■ As a further aid to interpreting the medical assistance statutory provisions, mention should be made of § 256B.07, which lists certain property items which are not to be considered as resources available to meet medical needs when liquidation would cause undue hardship. Since a private trust is not among the items mentioned, we conclude that the legislature intended trust assets to be included among the available resources of potential recipients.

We therefore reverse the determination and order of the district court and hold that under the particular circumstances of the case at bar respondent does not qualify for medical assistance at the present time. See, Matter of Crow, 56 Misc. (2d) 398, 288 N. Y. S. (2d) 965.

Reversed.