Craig **CERYES**, as Guardian for Evelyn Ceryes, Appellant,

v.

**ST. LOUIS COUNTY WELFARE BOARD** and Minnesota Department of Human Services, Respondents.

No. C5–86–1447.

Court of Appeals of Minnesota.

March 17, 1987.

Review Denied May 18, 1987.

Leslie E. Beiers, Legal Aid Service of Northeast Minnesota, Duluth, for appellant.

Alan L. Mitchell, St. Louis Co. Atty., T. Frank Norton, Asst. Co. Atty., Duluth, for respondents.

Considered and decided by HUSPENI, P.J., and PARKER and LESLIE, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Craig Ceryes, as guardian for Evelyn Ceryes, appeals from a determination that payments due Evelyn on a contract for the sale of her land were "available" to her for medical assistance purposes, even if those payments were not always received. We affirm.

## FACTS

Evelyn Ceryes is an elderly woman who has resided in a long-term care facility in St. Louis County since 1982 and is a recipient of medical assistance.

In May 1983 Evelyn signed an agreement with her son, Ted, and his wife which stated:

I THEODORE R. CERYES AND BAR-BARA G. CERYES AGREE TO PAY EVELYN DORIS CERYES $2,500.00 DOLLARS FOR THE PROPERTY LO-CATED AT 411 50th AVENUE, DU-LUTH MINNESOTA. THE PAYMENT WILL BE MADE IN 71 PAYMENTS OF $35.00 DOLLARS EACH AND ONE PAYMENT OF $15.00 DOLLARS. THIS AGREEMENT WILL START JUNE 25, 1983. THIS ARRANGE-MENT IS AGREEABLE TO MRS. EVE-LYN DORIS CERYES AND MR. THEO-

DORE R. CERYES AND BARBARA G. CERYES.

/s/ EVELYN DORIS CERYES
/s/ THEODORE R. CERYES
/s/ BARBARA G. CERYES

At the time this contract was signed, Minn. Stat. § 256B.35 (1982) required that certain medical assistance recipients receive a "personal needs allowance" of $35 per month. Any income beyond that allowance was to be applied to the costs of the recipient's care.

In January 1985 the St. Louis County Social Service Department issued a "Determination of Long-Term Care Facility Payments" characterizing the 1983 agreement between Evelyn and her son as a "contract for deed" and determining that Evelyn's total available income included $35 per month from that contract in addition to $436 per month from social security. After subtracting $40 per month as Evelyn's personal needs allowance,[1] the county determined that the long-term care facility should collect $431 per month from Evelyn to apply to the costs of her care.

Evelyn's son Craig Ceryes, who had been appointed as Evelyn's guardian in December 1984 (replacing a non-family member), challenged the county's determination that $35 per month was available to Evelyn from the contract with her son Ted. Craig claimed that Ted did not make the $35 payments on a regular basis, that the long-term care facility deposited $40 per month in Evelyn's personal needs account only when Ted made a payment on the contract, and that as a result Evelyn was often deprived of the $40 per month personal needs allowance to which she was entitled by statute. Consequently, Craig requested that the county make back-payments of the personal needs allowances which Evelyn had not received. He also requested a determination that the $35 per month should not be considered "available" to Evelyn for medical assistance purposes.

After a hearing, an appeals referee of the Minnesota Department of Human Ser-

vices issued a determination that Craig's request for back-payments was untimely and that the $35 payments under the 1983 agreement should be considered income available to Evelyn on a monthly basis. The referee reasoned that Evelyn, by her guardian, had a duty and obligation to enforce the note payments and that failure to do so could affect her eligibility for medical assistance.

On Evelyn's behalf, Craig appealed the referee's decision to the St. Louis County District Court, which affirmed that the $35 payments were available to Evelyn and that Craig should seek enforcement of the note in the courts. This appeal followed.

## ISSUE

Did the trial court err in affirming that the $35 payments due under the 1983 agreement were part of Evelyn Ceryes' "available" monthly income?

## DISCUSSION

This court may independently review the referee's decision without according any deference to the district court. *Herman v. Ramsey County Community Human Services Dept.*, 373 N.W.2d 345, 347 (Minn.Ct. App.1985). The agency's determination may be reversed if, *inter alia*, it is "affected by an erroneous interpretation of the law or is unsupported by substantial evidence in view of the entire record as submitted." *Id.;* Minn.Stat. § 14.69(d) and (e) (1986).

The regulations promulgated by the Department of Human Services provide:

If the patient has no legal dependents, any income in excess of the allowance for his personal needs and clothing is to be applied to the costs of longterm care facility services.

Minn.R. 9500.0810, subp. 7 (1985).

The regulations define "income" as "the total net income the applicant and relatives responsible under statutes *expect to re-*

---

1. The amount allotted to medical assistance recipients as a personal needs allowance was in-

creased in 1984 from $35 per month to $40 per month. Laws of 1984, ch. 534 § 25.

*ceive* from all sources during the year." *Id.,* subp. 1 (emphasis supplied). Another definition of "income" is "any benefit *received by or available to* a medical assistance applicant/recipient as earnings or otherwise." *Id.,* subp. 2 (emphasis supplied).

Receipt of the monthly personal needs allowance by certain medical assistance recipients is mandated by statute. Minn. Stat. § 256B.35 (1986). This amount has been set at $40 per month since 1984. *Id.*

The county has never disputed that Evelyn Ceryes is entitled to receive a personal needs allowance of $40 per month. Indeed, the county has clearly subtracted that $40 from the amount of income it considers "available" to her. The issue, then, is whether the $35 payments due under the 1983 agreement should be included in Evelyn Ceryes' "available" monthly income, in view of the allegation that Ted Ceryes does not always make the payments.

In *McNiff v. Olmsted County Welfare Dept.,* 287 Minn. 40, 176 N.W.2d 888 (1970), a recipient's medical assistance grant was cancelled when she was named co-beneficiary of a discretionary trust. The recipient attempted to characterize the trust as merely an inchoate or expectant interest, rather than as a liquid asset which would disqualify her from the continued receipt of medical assistance benefits. *Id.* at 45, 176 N.W.2d at 892. The supreme court disagreed on the basis that the recipient could compel the trustee to disburse at least a portion of the trust assets. *Id. McNiff* supports our conclusion that Evelyn Ceryes has a duty to enforce the agreement with her son because the funds are available to her if pursued. *See also Herman v. Ramsey County Community Human Services Dept.,* 373 N.W.2d 345 (Minn.Ct.App.1985) (power to demand payment of the proceeds of a probate court surcharge order constituted a presently available liquid asset).

In this case, neither Evelyn Ceryes nor her guardian has made any attempt to enforce the agreement signed by Ted Ceryes. Craig Ceryes admits that he has never con-

tacted Ted to try to resolve the problem, nor has he looked to the legal system for assistance. Instead, he simply expects the county to absorb the loss when Ted does not make his payment. While Minnesota is an enlightened state with regard to its medical assistance laws, the generosity of our government cannot be stretched to the point where Craig Ceryes' own responsibility to collect his mother's (and ward's) income is, in effect, abrogated.

As Craig Ceryes notes, the agreement between his mother and Ted does not specifically provide for monthly payments.[2] However, the fact that the contract does not specify when each payment is to be made is not fatal to its enforcement. When the time for performance is omitted from a contract, the courts will generally assume that the parties intended the contract to be performed within a reasonable time. *See Hill v. Okay Construction Co., Inc.,* 312 Minn. 324, 333, 252 N.W.2d 107, 114 (1977). Here, where the contract relates to the sale of land, we find implicit in its terms the understanding that payments should be made on a monthly basis. This conclusion is supported by the fact that the parties set the amount of the contract payments at $35, which was at that time the exact amount of Evelyn Ceryes' statutory personal needs allowance.

## DECISION

Payments due Evelyn Ceryes under the terms of the agreement for sale of her land are "available" to her as monthly income. It is her responsibility, through her guardian, to ensure that the payments are made.

Affirmed.

---

2. While the district court did not expressly address this issue, it affirmed the referee's conclusion that the contract provided for payments of $35 per month.