**In the Matter of the WELFARE OF K.S.**

No. C5–86–2081.

Supreme Court of Minnesota.

Aug. 12, 1988.

Jeffrey Hassan, Minneapolis, for appellant.

Janeen Rosas, Hennepin Co. Atty., Minneapolis, for respondent.

Michael Fargione, Minneapolis, amicus curiae for Association for Retarded Citizens of Minnesota.

Deborah L. Huskins, Maureen W. Bellis, St. Paul, amicus curiae for Minnesota Dept. of Human Services.

YETKA, Justice.

This case is before us on appeal from a decision of the court of appeals holding that a minor's personal injury settlement fund established pursuant to Minn.Stat. § 540.08 (1986) is an available resource for purposes of a minor's eligibility for medical assistance under Minn.Stat. ch. 256B (1986) and that the fund may be used to reimburse a county under Minn.Stat. § 252.27 (1986). We affirm.

I.

On June 4, 1972, K.S. sustained severe injuries during birth resulting in mental retardation and cerebral palsy. K.S. is non-ambulatory and developmentally functions between the ages of 6 months and 1 year. A medical negligence action was commenced in Ramsey County District Court on behalf of K.S. by her mother and natural guardian, Sharon Sayles Belton (hereinafter appellant). On December 12, 1977, the court, pursuant to Minn.Stat. § 540.08 (1986),[1] approved a minor's settlement of $150,000 against defendants. After deductions for costs and reimbursement to Hennepin County for past medical expenses, approximately $83,000 was placed in a savings account in the name of K.S. The court ordered "said sums to remain with the said institution or institutions until the said minor reaches the age of eighteen (18) which will take place on June 5, 1990, or until further order of the court."

Both appellant and respondents Hennepin County Welfare Department, agree that Ms. Belton has successfully petitioned Ramsey County District Court for disbursement of funds from the minor's settlement fund. Funds have apparently been used for the purchase of a special van, remodeling expenses for in-home therapy, and parental medical expenses.[2] According to appellant, approximately $89,000 remains in K.S.'s settlement fund.

In 1979, due to her developmental disability, K.S. was placed in Homeward Bound, a residential treatment facility for the mentally retarded. Hennepin County District Court, Juvenile Division, apparently approved this voluntary placement of K.S. outside the parental home pursuant to the requirements of Minn.Stat. § 257.071, subd. 4 (1986).[3] Hennepin County paid for K.S.'s cost of care at Homeward Bound pursuant to Minn.Stat. § 252.27 (1986).

Subdivision 1 of section 252.27 provides that, whenever a mentally retarded child is placed in 24-hour care outside the home, the county of financial responsibility shall pay for the cost of such care. The county is, however, entitled to reimbursement from the parents according to their ability to pay and from the child "up to the maximum amount of the total income and resources attributed to the child." *Id.*, subd. 2.

According to appellant, although the cost of placement in Homeward Bound has been paid by Hennepin County, the cost of general medical care has been paid through insurance obtained through appellant's employment as well as from appellant's personal funds. In addition, pursuant to Minn.Stat. § 252.27, subd. 2 (1986), appel-

---

1. Minn.Stat. § 540.08 (1986) provides that a parent may bring an action on behalf of a child and, upon approval by the court, settle the action. Any settlement proceeds must be placed in a savings account "subject to the order of the court." *Id.*

2. Appellant acknowledges that funds should not have been withdrawn for medical expenses owed by appellant.

3. Minn.Stat. § 257.071, subd. 4 (1986) requires court review of the placement of developmentally disabled children in a residential facility pursuant to a voluntary release by the parent or parents. The procedures for the court's review are set out in Minn.Stat. § 260.131 (1986), and such review must occur within 18 months of the placement.

lant has been required to contribute certain amounts for placement costs.

In 1982, the Hennepin County Juvenile Court, in a disposition order, directed appellant to apply for medical assistance under Minn.Stat. ch. 256B (1986) on behalf of K.S.[4] According to appellant, she submitted an application for medical assistance for K.S., but was denied assistance because K.S.'s settlement fund was a resource. According to Hennepin County, the assistance was denied because appellant was unable to demonstrate the settlement fund's unavailability as an asset. Furthermore, Hennepin County took the position that, because the fund was deemed an available asset, it should be used to pay for K.S.'s care. In December 1985, Hennepin County obtained an order from the juvenile court requiring appellant to petition Ramsey County District Court for disbursement of the settlement funds.

After some delay, appellant moved Ramsey County District Court for an order declaring that the settlement funds could not be used to reimburse Hennepin County for assistance provided to K.S. The court denied appellant's motion without prejudice, determining that the only action it could take with respect to the minor's settlement funds was to distribute the funds according to law when K.S. reaches her majority and to pass on petitions for distribution of funds. Because appellant's motion sought neither of these forms of relief, it was dismissed. The court indicated that a separate declaratory judgment suit would be more appropriate.

Appellant then petitioned the juvenile court in Hennepin County for declaratory judgment. Appellant sought a declaration that the settlement funds "are not a liquid asset and/or resource available to [K.S.] within the meaning of Minnesota Statutes Chapter 256B * * * and that [K.S.] is enti-

tled to medical assistance." Hennepin County filed opposing motions, requesting a declaration that K.S.'s settlement fund "has been at all times a liquid asset and a resource within the meaning of Minn.Stat. § 252.27, subd. 2(b) and Minn.Stat. § 256B.06, subd. 1(13)." Hennepin County also requested reimbursement for the past care it had provided or, alternatively, an order for disbursement of funds for K.S.'s current costs of care. Finally, Hennepin County requested an order requiring appellant to reimburse the settlement fund for amounts wrongfully withdrawn and to pay all arrearages of parental contributions.

The juvenile court determined that the settlement fund resulting from K.S.'s personal injury is not a liquid asset under Minn.Stat. § 256B.06. The court also denied Hennepin County's motions. However, upon Hennepin County's motion for amended findings and conclusions, the court ordered appellant to pay all arrearages on parental contributions and ordered appellant to apply for medical assistance.

In his memorandum accompanying his first order, the trial judge noted that, in order to obtain federal funds for the medical assistance program under Minn.Stat. ch. 256B, Minnesota must comply with federal statutes and regulations. The court further noted that, under federal law, a state's medical assistance plan must provide reasonable standards for determining eligibility. The trial judge then found that, because the settlement fund is not available to K.S. until she reaches 18 or until the court orders its availability, it would be "both unreasonable and not in the best interest of the child" for the court to deem the fund available. In reaching this conclusion, the court also noted that the settlement was obtained in an effort to put K.S. in a position she would have been in with-

---

4. Minn.Stat. ch. 256B (1986) governs medical assistance, which is a federally funded program established pursuant to Title XIX of the Social Security Act, 42 U.S.C. § 1396, et seq. (1982). An applicant for medical assistance is eligible only if, among other things, the applicant "does not own more than $3,000 in cash or liquid assets." Minn.Stat. § 256B.06, subd. 1(13) (1986). An applicant who is denied medical assistance by a local agency may contest the determination before a local welfare referee under Minn.Stat. § 256.045, subd. 2 (1986). The referee's decision may be appealed to the Commissioner of Human Services, id., subd. 3, and the commissioner's determination appealed to the appropriate district court, id., subd. 7. The district court's decision may be appealed as any other civil case. Id., subd. 9.

out the injury (*i.e.* made whole) and, thus, it should not be termed an asset.

On appeal, the court of appeals reversed. *Matter of Welfare of Sayles,* 407 N.W.2d 414 (Minn.App.1987). The court indicated that, in effect, the trial court had been asked to review the earlier administrative decision finding K.S.'s fund available as a resource. The court then listed the findings necessary for reversing an agency determination and held that the trial court had made no such findings. The court went on to conclude that, under Minn. Rules 9500.0820, subp. 2E,[5] K.S.'s settlement fund was a trust and was available as a resource for purposes of medical assistance eligibility under Minn.Stat. § 256B.06, subd. 1(13) (1986). Because the fund was an available asset, the court concluded further that Hennepin County was entitled to reimbursement under Minn.Stat. § 252.27, subd. 2 (1986).

This court granted K.S.'s petition for further review, and the matter was scheduled for oral argument on November 30, 1987. However, the case was removed from the calendar, and the court ordered the parties to submit supplemental briefs on certain jurisdictional and substantive issues. A companion case, *Beltrami County v. Goodman,* 427 N.W.2d 662, was also removed from the non-oral calendar with an order issued to the parties to submit supplemental briefs on the identical issues.

## II.

This appeal presents both substantive and procedural issues. The substantive issues focus on the availability of a minor's settlement fund for purposes of medical assistance eligibility and reimbursement for cost of care. Before reaching these issues, we find it necessary to determine first whether, in light of its complex procedural history, this case is properly before us.

This case comes to us in a procedural morass. While an administrative procedure for determining eligibility and reimbursement issues appears to exist, *see* Minn.Stat. § 256.045 (1986), they have not been fully employed in this case. These administrative procedures, however, do not contemplate a case such as this where an availability determination is sought regarding property under court control. *Amicus curiae* Association for Retarded Citizens of Minnesota (hereinafter ARC) suggests that, in the past, the availability of a minor's settlement fund (at least in the medical assistance eligibility context) has been left to the court with jurisdiction over the fund. Yet, in this case, the parties have sought an availability determination from Hennepin County Juvenile Court, the court having jurisdiction over K.S.'s placement in Homeward Bound.[6]

We are of the opinion that decisions concerning a minor's settlement fund should be left to the court with control over the fund. The question we are left with then is whether this matter is, nevertheless, properly before us on appellant's petition for declaratory judgment in Hennepin County Juvenile Court.

Minn.Stat. § 555.01 (1986) (Uniform Declaratory Judgment Act) provides that courts may declare rights and legal relations whether or not additional relief is or could be claimed. This statute is remedial in nature, is for the purpose of settling legal uncertainties, and is to be liberally construed. Minn.Stat. § 555.12 (1986). This court has recognized that the declaratory judgment action, in a sense, is "an all-purpose writ." *Manufactured Hous. Inst. v. Pettersen,* 347 N.W.2d 238, 247 (Minn.1984). In addition, a declaratory judgment action is an appropriate method

5. Minn.Rules 9500.0820 has been repealed, 11 SR 1069. Minn.Rules 9505.0060, subp. 3 (1987), however, contains essentially identical language.

6. Before petitioning the Hennepin County Juvenile Court for a declaratory judgment on the availability of K.S.'s settlement fund, appellant moved the Ramsey County District Court, which has jurisdiction over the fund, for an order declaring the funds unavailable for purposes of medical assistance eligibility. The court, as previously noted, dismissed the motion without prejudice on the grounds that it had no authority to make such a determination.

for obtaining a judicial interpretation of statutes. *See* J. Moore, *Moore's Federal Practice* ¶ 57.18[3] (1984).

■ This case essentially asks whether a minor's settlement fund is an asset or resource within the meaning of sections 256B.06 and 252.27. The proper procedure for determining this issue is not clearly set forth in statutes or regulations. While there may have been a practice of seeking an availability determination from the district court with jurisdiction over the minor's settlement fund, the propriety of such a procedure is not addressed in any statute, regulation, or prior decision of this court. At the outset, therefore, an action for declaratory judgment seems an appropriate method for resolving the availability issues, notwithstanding that it was brought by petition in Hennepin County Juvenile Court. It also seems to be an appropriate method to resolve the procedural ambiguities involved here. Furthermore, although administrative proceedings might have been employed, appeal procedures would, in any event, ultimately lead to this court's resolution of the substantive issues. In addition, it seems unlikely that administrative proceedings would add anything to the record which might assist the court, especially in light of the fact that the Commissioner of Human Services, who is the highest decisional authority in the administrative proceedings, is present in this case as an *amicus curiae*. We conclude, therefore, that the case is properly before us on appellant's declaratory judgment petition brought in juvenile court.

## III.

The two substantive issues raised on this appeal are whether a minor is eligible for medical assistance under Minn.Stat. § 256B.06, subd. 1(13) (1986) when the minor has a personal injury settlement fund under court control and whether a county paying for a mentally retarded child's cost of care can obtain reimbursement pursuant to Minn.Stat. § 252.27, subd. 2 (1986) from that child's personal injury settlement fund. It is important to keep in mind that the two issues are distinct; the county's

payment for the cost of care of a mentally retarded child under section 252.27 is not the same thing as medical assistance under chapter 256B.

### A. Medical Assistance

■ An individual is eligible for medical assistance only if he or she does not own cash or liquid assets in excess of $3,000. Minn.Stat. § 256B.06, subd. 1(13) (1986). Only available assets are counted, however, in determining eligibility. *See* 42 U.S.C. § 1396a(a)(17)(B) (1982). Hennepin County and *amicus curiae* Commissioner of Human Services contend that K.S.'s settlement fund is an available asset, thus precluding her eligibility for medical assistance. Appellant contends that the settlement fund is unavailable because, pursuant to Minn.Stat. § 540.08 (1986) and Ramsey County District Court order, it has been placed in a bank account until K.S. reaches the age of majority. *Amicus curiae* ARC contends that the fund may or may not be available depending on whether the settlement fund represents compensation for medical expenses or, alternatively, compensation for other damages such as pain and suffering. The parties and *amici*, in short, suggest that this court has three options: we may rule either that a minor's settlement fund is always available, that it is never available, or that a case-by-case analysis is necessary to determine if a particular fund (or any part thereof) is available.

The legislature has not specifically addressed whether a minor's settlement fund is an available asset for medical assistance eligibility purposes. Certain statutory provisions and regulations, however, do provide guidance for the court. First, Minn. Rules 9505.0060 (1987) specifies examples of personal property to be included in determining the amount of assets an applicant has under Minn.Stat. § 256B.06, subd. 1(13) (1986) ($3,000 eligibility limitation). Assets to be counted include savings accounts, which are apparently where K.S.'s settlement funds are kept. Appellant's argument that these funds are unavailable because they are to remain in the bank

accounts until K.S. reaches majority is unpersuasive. Funds have already been withdrawn for medical expenses, a medi-van, and home remodeling costs, thus demonstrating that the accounts are not impenetrable.

Second, both Minn.Stat. § 256B.06, subd. 1(13) (1986) and Minn. Rules 9505.0060, subp. 4 (1987) list property that is exempt from consideration as an asset. Not only is a minor's settlement fund not listed as exempt property, none of the property that is listed is of a like kind. Exempt assets such as a homestead, a motor vehicle, and trade or business assets necessary to earn income do not share similar characteristics with the minor settlement fund. The absence of minors' settlement funds from the list of exempt assets suggests that they should be considered available. *See McNiff v. Olmsted County Welfare Dep't,* 287 Minn. 40, 176 N.W.2d 888 (1970).

The regulations also list property which must be considered unavailable. Rule 9505.0061 (1987) gives examples of property that is not available, such as an unprobated estate, property owned jointly with another so as to prevent liquidation, and an asset frozen by a foreign government. Again, a minor's settlement is not listed. Although the list is not exclusive, the property listed shares no similarity with the minor's settlement fund.

Even more telling is the directive in Rule 9505.0061 (1987) that the "local agency must consider as available an asset that a person receives in a tort settlement, whether the settlement is entered into by the person or the person's guardian, that is structured to be paid over a period of time." Certainly, if a structured settlement is an available asset, a lump sum settlement should also be considered available. Furthermore, the rule does not purport to be limited to adults who receive an asset in a tort settlement. Together, the above provisions suggest that a minor's settlement fund should always be considered an available asset.

Notwithstanding the above provisions, *amicus curiae* ARC suggests that a case-by-case analysis of each individual minor's settlement fund is necessary to determine its availability. ARC suggests that only the portion of a settlement fund intended to compensate the minor for future medical expenses should be considered available and that the remainder of the settlement, which was intended to make the minor whole, should not be considered available. *See Baker v. Sterling,* 39 N.Y.2d 397, 384 N.Y.S.2d 128, 348 N.E.2d 584 (1976). Although this approach has some appeal, we can find no indication that the legislature intended the availability of a minor's settlement fund to depend on the purpose for which it was received. In fact, Minn.Stat. § 256B.37 (Supp.1987) reflects an opposite legislative intent.

Section 256B.37 provides that the state is subrogated to a medical assistance recipient's cause of action arising out of an occurrence necessitating the medical assistance. *Id.,* subd. 1. The subrogation right extends to all portions of the cause of action, "notwithstanding any settlement * * * or apportionment that purports to dispose of portions of the cause of action not subject to subrogation." Clearly, the purpose for which a tort settlement is received is irrelevant where a state's subrogation right is concerned. Although this provision is not directly applicable here, we find the legislative intent reflected in that provision clear and conclude that the availability of a minor's settlement fund does not depend on the purpose for which it was received.

Minn. Rules 9505.0061 (1987) lends further support to this conclusion. That rule, as noted above, provides that a structured tort settlement is considered an available asset. It does not purport to exclude any portion of the settlement based on the type of damage for which the portion was supposed to compensate. If availability were to depend on the particular compensatory purpose of the settlement, then it seems to us that section 256B.37 and rule 9505.0061 would not contain such all-inclusive language. We decline, therefore, to adopt the position that a case-by-case analysis is necessary and conclude instead that a minor's settlement fund is always an available as-

set for medical assistance eligibility purposes.[7]

### B. Section 252.27 Reimbursement for Cost of Care

■ Pursuant to Minn.Stat. § 252.27, subd. 1 (1986), Hennepin County has been obligated to pay the cost of K.S.'s care in a facility for mentally retarded children. Subdivision 2 of section 252.27, however, allows the county to obtain reimbursement from the child "up to the maximum amount of the total income and resources attributable to the child except for the clothing and personal needs allowance." While there are, as discussed above, statutes and regulations providing guidance for what constitutes an available asset in the medical assistance context, there are no statutory definitions or guiding regulations for what constitutes "resources attributable to the child" in the section 252.27 reimbursement context.[8]

We are of the opinion that a minor's settlement fund is a resource attributable to the minor. Section 252.27 does not purport to limit the type of resources from which the county may be reimbursed. Also, the statute does not exempt any property other than a clothing and personal needs allowance. Our conclusion that the minor's personal injury settlement fund is a resource within the meaning of the reimbursement statute is supported by the existence of a statutory lien provision. Minn. Stat. § 393.10, subd. 1 (1986) provides:

> Any county board or any county welfare board which as a part of its public assistance program provides, pays for or becomes liable for medical, surgical or hospital care shall have a lien for the cost of such care upon any and all causes of action accruing to the person to whom such care was furnished, or to the legal representatives of such person, on account of injuries giving rise to such causes of action and which necessitated such medical, surgical or hospital care, subject, however, to any attorney's lien.

This provision clearly indicates a legislative objective to place the burden of medical expenses resulting from a tort on the tortfeasor rather than the taxpayer. To that end, the county that pays for the medical expenses resulting from the tort has a lien on any recovery by the tort victim from the tortfeasor.

Although there is no lien involved in this case, the existence of this lien provision suggests that the legislature would not intend that a minor's personal injury settlement funds be excluded from resources available for reimbursement of cost of care under section 252.27. Although not clearly reflected by the record, it appears that, at the time K.S.'s settlement was made, certain medical expenses incurred by Hennepin County prior to the settlement were deducted from the settlement funds to reimburse Hennepin County. Where Hennepin County has continued to incur medical expenses precipitated by the tort after the settlement, it is likely that the legislature would intend that the settlement proceeds be used to reimburse Hennepin County for those expenses. For these reasons, we find that a minor's settlement fund is a resource attributable to the minor within the meaning of section 252.27 and hold that Hennepin County is entitled to reimbursement from K.S.'s settlement fund.

In reaching the conclusion that a minor's settlement fund is always available for medical assistance eligibility and reimbursement purposes, we recognize that, in many cases, the entire settlement fund will be used for the minor's medical care. In effect, the minor receives nothing from a

---

7. Our conclusion is not altered by Minn.Rules 9505.0060, subp. 3 (1987), which states that a trust fund is available "unless it can be affirmatively demonstrated through court order that the trust fund cannot be made available to meet the individual's medical needs." While this provision indicates that a case-by-case analysis is necessary to determine the availability of trust funds, a minor's settlement fund is sufficiently different from a trust fund so as to make this provision inapplicable.

8. There are regulations promulgated under authority of Minn.Stat. § 252.27 (1986). See Minn.Rules 9550.6200–9550.6240 (1987). These rules only govern the parental obligation to reimburse and do not discuss the child's reimbursement responsibility.

tort action because all recoveries are transferred to the county or state for past or present medical care. This result gives the appearance that the minor has not been fully compensated for certain damages such as pain, suffering, or loss of future earning capacity. This, in turn, may discourage the minor, or the minor's guardian, from bringing a tort action in the first instance.

■ The legislature appears to have recognized these considerations when it recently amended Minn.Stat. § 256B.37 (Supp.1987). The legislature provided that a medical assistance recipient with a cause of action that is subject to the state's subrogation interest must receive at least one-third of any recovery on the cause of action. Guaranteeing the medical assistance recipient one-third of any recovery regardless of the amount of assistance provided by the state represents an equitable balance or compromise between the state's interest in placing the burden of medical expenses on the tortfeasor rather than the taxpayer and the notion that a tort victim ought to receive some compensation for his or her injuries.

This is not, of course, an action involving a subrogation interest of the state and, therefore, section 256B.37 is not applicable. Nevertheless, we could view this provision as a policy decision by the legislature to set aside one-third of a recovery in all cases involving a tort victim who is also a public assistance recipient. The reasons for setting aside one-third of a recovery for a medical assistance recipient should arguably transcend the type of public assistance involved. Under this policy directive from the legislature, we might rule that one-third of K.S.'s settlement fund is unavailable for medical assistance eligibility purposes and, additionally, may not be used to reimburse Hennepin County under section 252.27.

We feel, however, that such a ruling by this court would infringe on the province of the legislature. Furthermore, such a ruling would appear to conflict with Minn. Stat. § 393.10 (1986). That provision creates a lien in favor of a county against a public assistance recipient's cause of action. The lien extends to all proceeds of the cause of action and there is no provision setting aside a certain portion of the recovery for the victim. We simply do not see a clear legislative policy pronouncement requiring or allowing us to set aside a portion of K.S.'s settlement. Regardless of the equity in setting aside a portion of a minor's settlement fund in public assistance cases, we believe the question is best left to an express decision by the legislature. In short, the inapplicability of section 256B.37 precludes us from setting aside one-third of K.S.'s settlement fund.

## IV.

■ Finally, we find it necessary to comment briefly on the proper procedures to be followed in future cases involving minors' settlement funds. First, with respect to reimbursement under section 252.27, either the custodian of the funds or the county providing assistance may petition the district court with control over the minor's settlement fund for reimbursement. The petitioner need only provide proof of expenditures made pursuant to Minn.Stat. § 252.27 (1986).

■ Second, in the context of medical assistance, an applicant need only follow the established procedures for seeking medical assistance. Our decision today renders it unnecessary to petition the district court with control over the fund for an availability determination, for the funds are always to be considered available. The only eligibility question to be resolved will be whether the fund is of an amount greater than the asset limits specified in Minn. Stat. § 256B.06, subd. 1(13) (1986). Such a question does not implicate the jurisdiction of the court with control over the fund, but, instead, can be resolved summarily in the administrative process.

In sum, we view the situation as simply this: Where parents have adequate financial resources to provide for their child's special needs, they are privileged to do as they choose. Once the parents seek public assistance on behalf of the child, however, they are subject to the same treatment as

anyone else and are required to fulfill statutory and regulatory obligations to pay for a portion of the minor's care. The minor's obligation for his or her own care includes, as we hold today, the use of the minor's personal injury settlement fund. Finally, when local public assistance funds are being used and federally funded programs are available, it is incumbent on the public assistance recipient to apply for the federally funded assistance.

The court of appeals is thus affirmed.