**In the Matter of the WELFARE OF M.F., R.F., M.F. (C3-91-117), M.L.K. (C3-91-120).**

**Nos. C3-91-117, C3-91-120.**

Court of Appeals of Minnesota.

Aug. 6, 1991.

appropriate obligation, leading to a total award no greater than produced by this calculation.

**368**

Stephen Halsey, Fridley, for respondents M.F., R.F. and M.F.

Daniel Sadowski, Coon Rapids, for respondents M.F., R.F., M.F., M.L.K.

Robert M.A. Johnson, Anoka County Atty., Michael Alan Chmiel, Asst. County Atty., Anoka, for appellants.

Considered and decided by RANDALL, P.J., and LANSING, and NORTON, JJ.

## OPINION

NORTON, Judge.

In this consolidated appeal, Anoka County challenges the trial court's finding that minor settlement funds are not resources attributable to the children within the meaning of Minn.Stat. § 260.251, subd. 1(b) (Supp.1989).

## FACTS

M.F., R.R. and M.F. are brothers. They each received a settlement for injuries sustained in an automobile accident. The proceeds of the settlements were invested in certificates of deposit.

All three children have been in various involuntary out-of-home placements. Anoka County alleges that the cost of services to each exceeds the present value of their respective certificates of deposit.

In the companion case, M.L.K. was suspected of stealing money at Mille Lacs School. She was strip-searched and her mother sued the school. M.L.K. received a settlement of $25,000, which she will begin receiving in 1992.

Anoka County has been involved with M.L.K. and her family since 1986. During this time she has been adjudicated delinquent and in need of protection. Anoka County alleges it expended $21,239.98 and continues to incur expenses on her behalf.

On March 7, 1990, Anoka County began these actions to obtain reimbursement from the children's trust accounts for costs of care, examination, and/or treatments pursuant to Minn.Stat. § 260.251, subd. 1(b). The trial court denied the county's request and this appeal followed.

## ISSUE

Did the trial court err by concluding the minors' assets were not resources attributable to the children within the meaning of Minn.Stat. § 260.251, subd. 1(b)?

## ANALYSIS

The dispute in this case concerns the interpretation of a statute. It is, therefore, a question of law that is reviewable de novo. *A.J. Chromy Constr. Co. v. Commercial Mechanical Serv., Inc.,* 260 N.W.2d 579, 582 (Minn.1977).

In both of these cases, Anoka County moved the trial court for an order determining the assets of the children available as income or resources pursuant to Minn. Stat. § 260.251, subd. 1(b) which provides:

The Court shall order, and the county welfare board shall require, the parents or custodian of a child, while the child is under the age of 18, to use the total income and resources attributable to the child for the period of care, examination, or treatment, except for clothing and personal needs allowance as provided in section 256B.35 to reimburse the county for the cost of care, examination, or treatment. Income and resources attributable to the child include, but are not limited to, social security benefits, supplemental security income (SSI), veterans benefits, railroad retirement benefits and child support. When the child is over the age of 18, and continues to receive care, examination, or treatment, the court shall order, and the county welfare board shall require, reimbursement from the child for the cost of care, examination, or treatment from the income and resources attributable to the child less the clothing and personal needs allowance.

In *Beltrami County v. Goodman,* 427 N.W.2d 662 (Minn.1988), the Minnesota Supreme Court held a minor's wrongful death settlement fund available as income or resources to reimburse the county for foster care. *Id.* at 664. In that case, the county sought reimbursement for foster care expenses resulting when the minor was removed from his mother's care and placed in a group home because of continuing behavioral problems. *Id.* at 663. The court reasoned that the statute does not limit the type of resources attributable to the child from which a county may be reimbursed and stated its decision was further supported by the fact that a wrongful death award is intended to compensate the survivors for the support of the decedent on which they relied. *Id.* at 664. The *Beltrami* court stated the statute was clear and "it is for the legislature to explicitly identify any exemptions or exceptions to the statute." *Id.* at 665.

In *In Re K.S.,* 427 N.W.2d 653 (Minn. 1988), a companion case to *Beltrami,* the Minnesota Supreme Court held a minor's settlement fund is always an available asset for medical assistance eligibility and reimbursement purposes. *Id.* at 660. K.S. was a minor who was voluntarily placed in a residential treatment facility for the mentally retarded. During birth, she sustained severe injuries that resulted in mental retardation and cerebral palsy. Pursuant to Minn.Stat. § 540.08 (1986), her guardian obtained a settlement on her behalf which was placed in trust until K.S. reached the age of eighteen. The county sought reimbursement for the medical expenses it paid on behalf of K.S. pursuant to Minn.Stat. § 252.27, subd. 2 (1986). In holding that a minor's personal injury settlement fund was a resource attributable to the minor within the meaning of section 252.27 and that the county was entitled to reimbursement for medical expenses incurred for the minor, the court stated:

> Once the parents seeks public assistance on behalf of the child, however, they are subject to the same treatment as anyone else and are required to fulfill statutory and regulatory obligations to pay for a portion of the minor's care. The minor's obligation for his or her own care includes, as we hold today, the use of the minor's personal injury settlement fund.

*Id.* at 661–62.

Section 260.251, the subject of this case and *Beltrami,* was not discussed in *K.S.* The link between the cases is section 540.-08, which provides that an action may be brought on behalf of a minor with the trial court maintaining control over any proceeds received as a result of that action. In 1989, after the *K.S.* and *Beltrami* decisions, the statute was amended to read:

> A parent may maintain an action for the injury of a minor son or daughter. A general guardian may maintain an action for an injury to the ward. A guardian of a dependent, neglected, or delinquent child, appointed by a court having jurisdiction, may maintain an action for the injury of the child. If no action is brought by the father or mother, an action for the injury may be brought by a guardian ad litem, either before or after the death of the parent. Before a parent receives property as a result of the action, the parent shall file a bond as the court prescribes and approves as security therefor. In lieu of this bond, upon petition of the parent, the court may order that the property received be invested in securities issued by the United States, which shall be deposited pursuant to the order of the court, or that the property be invested in a savings account, savings certificate, or certificate of deposit, in a bank, savings and loan association, or trust company, or an annuity or other form of structured settlement, subject to the order of the court. A copy of the court's order and the evidence of the deposit shall be filed with the court administrator. *Money or assets in an account established by the court under this section are not available to the minor child or the child's parent or guardian until released by the court to the child or the child's parent or guardian.* No settlement or compromise of the action is valid unless it is approved by a judge of the court in which the action is pending.

Minn.Stat. § 540.08 (Supp.1989) (underlined sentence indicates language added by amendment).

The language added by the amendment is clear and unambiguous. It effectively grants to the trial court discretion to make case by case determinations as to whether a minor's settlement funds should be released. In this case, the trial court believed the county was prohibited by statute from obtaining reimbursement. We, therefore, remand both cases to the trial court to exercise its discretion and decide whether to release any of the settlement funds for reimbursement to the county.

Remanded.