### In the Matter of the LEONA CARLISLE TRUST CREATED UNDER THE TRUST AGREEMENT DATED FEBRUARY 9, 1985.

#### No. C0-92-1798.

Court of Appeals of Minnesota.

March 23, 1993.

Randy F. Boggio, Leigh D. Mathison, Garvey & Mathison, Bloomington, for appellant James R. Carlisle.

James C. Backstrom, Dakota County Atty., Andrea G. White, and Margaret M. Horsch, Asst. County Attys., Hastings, for respondent Dakota County.

Barbara J. Blumer, Eagan, for amicus DARTS.

Considered and decided by ANDERSON, C.J., and LANSING, and HUSPENI, JJ.

## OPINION

ANDERSON, Chief Judge.

Appellant seeks review of the district court order concluding the trust of which he is a beneficiary is an available asset to him for purposes of determining his eligibility for medical assistance. We reverse.

## FACTS

The facts in this case are not in dispute. The 56–year-old appellant, James Carlisle, has had severe cerebral palsy since birth. He lived with his parents until they died. His mother had attended to his daily needs until 1979, when she was no longer able to care for him.

Appellant has been an accountant since 1960. He runs his own accounting business, with an office and employees. The accounting business does not generate enough income to pay the cost of the assistance appellant requires as a result of his disability.

In 1979, appellant applied for and began receiving medical assistance (MA) from respondent Dakota County Human Services (the County). Since that time, the County has paid for home health care attendants to assist appellant with health care, dressing, and preparing meals. He receives a total of seven hours per day of home health care.

On February 9, 1985, appellant's mother, Leona Carlisle, created a trust, funded with approximately $125,000 she had saved. Appellant is the primary beneficiary of the trust. The trustee is to distribute sums from the trust for the benefit of appellant only for purposes of his entertainment, education, travel, comfort (including home improvement), convenience, and reasonable luxuries as the trustee, in its full discretion, deems advisable.

The trustee is precluded from making any distributions for appellant's "food, shelter, clothing, medical care or other basic necessities as provided or to be provided by any governmental unit," and the trustee "shall make distributions only to supplement and not to supplant such public assistance available for maintenance, health care or other benefits."

The trustee is not obligated to make distributions from the trust to appellant, but has sole discretion to make or not make distributions, as it sees fit. The trustee is to make distributions to appellant "in light of the amounts available to * * * [appellant] from sources other than the trust." To date, appellant has received distributions for the following: purchasing and maintaining a specially-equipped van, upkeep on his home (including reshingling the roof, replacing windows, and building an accessible garage with inside ramping), purchasing a home computer, an annual vacation, and occasional meals at a restaurant.

In early 1992, the County determined the trust constituted an available asset for purposes of determining appellant's eligibility for MA. On March 4, 1992, the County served notice upon appellant that his MA benefits would be terminated because his assets were over the allowable limit for MA eligibility. On April 28, 1992, appellant filed a petition in district court seeking an order that the trust assets were not available to him. Following a hearing, the court filed an order concluding the trust fund was an available asset for purposes of determining his eligibility for MA. Appellant seeks review of this order.

## ISSUE

Is the trust an available asset for purposes of determining appellant's eligibility for medical assistance?

## ANALYSIS

■ Whether a trust fund is an available asset for purposes of determining eligibility for MA is a question of law. *See McNiff v. Olmsted County Welfare Dep't*, 287 Minn. 40, 44–45, 176 N.W.2d 888, 892 (1970). A reviewing court is not bound by, and need not give deference to, a district court's determination of a purely legal question. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Util. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

■ The Medicaid program is a jointly financed federal-state program designed to provide health care to needy individuals. States are not required to participate in the Medicaid program.[1] *Himes v. Sullivan*, 779 F.Supp. 258, 259 (W.D.N.Y.1991), *aff'd* (without published opinion), 956 F.2d 1159 (2d Cir.1992). Participating states may develop their own standards for determining eligibility for Medicaid. 42 U.S.C. § 1396a(a)(17) (1988). A state's plan must conform with the requirements of the federal statutes and regulations. *Schweiker*

*v. Gray Panthers*, 453 U.S. 34, 37, 101 S.Ct. 2633, 2636, 69 L.Ed.2d 460 (1981). A participating state is required to provide Medicaid to "categorically needy" persons, who are defined as those receiving cash assistance under the aid to families with dependent children (AFDC) program or the supplemental security income (SSI) program. 42 U.S.C. § 1396a(a)(10)(A)(i). In addition to the "categorically needy," a state may opt to provide Medicaid coverage to, among others, certain blind, aged, or disabled individuals. 42 U.S.C. § 1396a(a)(10)(C). These individuals are referred to as "medically needy."

Minn.Stat. ch. 256B governs Minnesota's federally funded MA program. *In re Welfare of K.S.*, 427 N.W.2d 653, 656 n. 4 (Minn.1988). Minnesota has opted to provide MA benefits for the "medically needy." Minn.Stat. § 256B.055, subd. 7 (1990). In Minnesota, an individual is eligible for MA only if he or she does not own more than $3,000 in assets. Minn.Stat. § 256B.056, subd. 3 (1990).[2] Only assets "available to the applicant or recipient" are counted in determining eligibility. 42 U.S.C. § 1396a(a)(17); *K.S.*, 427 N.W.2d at 658.

■ Appellant is eligible for MA because of his disability. The proper methodology for determining a disabled person's assets is that of the SSI program. Minn.Stat. § 256B.056, subd. 1a (1990). The Minnesota Rules establish standards to determine eligibility for an individual to receive MA. Minn.R. 9505.0010–.0150 (1991). A trust beneficiary has the burden of proving the trust is not an available asset. Minn.R. 9505.0060, subpt. 3 (1991); *In re Welfare of Sayles*, 407 N.W.2d 414, 416–17 (Minn.App. 1987), *aff'd sub nom. In re Welfare of K.S.*, 427 N.W.2d 653 (Minn.1988).

There are no federal or state statutes, regulations, or rules [3] specifically govern-

---

1. In Minnesota, "Medicaid" is known as "medical assistance" (MA).

2. The statute also contains a maximum income limit for eligibility, but only the asset limit is at issue in this case.

3. Minnesota is a "section 209(b)" state for purposes of the Medicaid program. Carol A. Mooney, *Discretionary Trusts: An Estate Plan to Supplement Public Assistance for Disabled Persons*, 25 Ariz.L.Rev. 939, 967 n. 159 (1983). As a section 209(b) state, Minnesota must provide MA coverage that is not more restrictive than its

ing the issue of the availability of a trust. *Miller v. Ibarra,* 746 F.Supp. 19, 26 (D.Colo.1990) (no federal regulations). There are, however, federal and state policies which provide guidance in determining whether trust assets are available. We begin our analysis by reviewing these policies.

The *Program Operations Manual System* (hereinafter *POMS*) contains the Social Security Administration's policy interpretations of federal regulations. *Id.* The *POMS* "is relied upon in making eligibility determinations" for MA, *id.,* but it does not have any legal force. *See Whaley v. Schweiker,* 663 F.2d 871, 873 (9th Cir. 1981). The applicable *POMS* section provides a trust "is not a resource to an individual who is not empowered to revoke the trust and use the principal for his/her own support and maintenance." *Program Operations Manual System* SI § 01120.-200B.1. (Aug. 1990). Appellant has no power to revoke the trust and, therefore, the trust is not an available asset to appellant under federal guidelines.

The Minnesota Department of Human Services' *MDHS Certification Manual* contains policy guidelines to interpret the statutes and rules pertaining to the MA program. This manual is advisory and is not a formal rule or law. *See Doe v. State, Dept. of Pub. Welfare,* 257 N.W.2d 816, 819 (Minn.1977). The applicable section of the manual provides trust assets are unavailable if the beneficiary's access to the trust assets is restricted. *MDHS Certification Manual* § 15.6.6, MA, Method B.3 (1991). " 'Restricted access' means that only a trustee or a court can withdraw funds from the trust principal." *Id.*

Appellant has no power to withdraw funds from the trust. The trust instrument provides the trustee has sole discretion to disburse or not disburse funds as

the trustee sees fit; hence, only the trustee can withdraw funds from the trust. Therefore, the trust is not an available asset to appellant under the *MDHS Certification Manual* policy guidelines.

In determining whether a trust is an available asset, case law focuses on two relevant factors: (1) the type of trust involved; and (2) the settlor's intent in creating the trust.

### 1. Type of Trust

The trusts in MA eligibility cases are usually support trusts or discretionary trusts. *See Chenot v. Bordeleau,* 561 A.2d 891, 893 (R.I.1989). A support trust directs the trustee to distribute trust income or principal as necessary for the support and maintenance of the beneficiary. Restatement (Second) of Trusts § 154 (1959) (Restatement). A discretionary trust gives the trustee complete discretion to distribute all, some, or none of the trust income or principal to the beneficiary, as the trustee sees fit. *Id.* at § 155.

Courts usually conclude a support trust is an available asset, while a discretionary trust is not an available asset. *Chenot,* 561 A.2d at 893 (stating the rule, and holding assets in a discretionary trust are not available). This is because a beneficiary of a support trust can legally compel the trustee to distribute trust assets to him or her, but a beneficiary of a discretionary trust has no such power. Restatement § 128 cmts. d, e.

The trust of which appellant is a beneficiary expressly states the "trustee shall expend such sums from the principal of the trust to or for the benefit of [appellant] * * * as the trustee, in its full discretion, deems advisable," and it "is expressly understood the trustee is under no obligation to make any expenditures" to appellant.

plan in effect on January 1, 1972. *Id.* at 965 n. 153. Minnesota's status as a section 209(b) state has no effect on the outcome in this case because no Minnesota laws specifically pertain to the availability of the trust at issue in this case.

Minn.Stat. § 501B.89 (1992) makes unenforceable a provision in a trust that purports to make "assets or income unavailable to a benefi-

ciary if the beneficiary applies for or is determined eligible for public assistance or a public health care program." This statute applies only to trusts created after July 1, 1992. *Id.* The trust in this case was created February 9, 1985. Consequently, our decision in this case is not based upon or affected by this statute.

This trust is a discretionary trust because the trustee has complete discretion to distribute trust assets to appellant. *See* Restatement §§ 155, 128 cmt. d. Thus, the first factor weighs in favor of concluding the trust is not an available asset.

### 2. Settlor's Intent

The second factor is the settlor's intent in creating the trust. The intention of the settlor of the trust will be carried out if it is not contrary to law and public policy. *McNiff,* 287 Minn. at 43, 176 N.W.2d at 891. When the trust instrument states an intent to supplement rather than supplant any government financial assistance which is or may be available to the MA recipient, most courts give effect to the settlor's intent and find the trust is not an available asset. *Trust Co. of Okla. v. State, ex rel. Dep't of Human Servs.,* 825 P.2d 1295, 1303 (Okla.1991), *cert. denied,* — U.S. —, 113 S.Ct. 300, 121 L.Ed.2d 224 (1992).

The trust of which appellant is a beneficiary expressly states the trustee shall not make any distributions for appellant's "basic necessities as provided or to be provided by any governmental unit," and the trustee "shall make distributions only to supplement and not to supplant such public assistance available for maintenance, health care or other benefits." Therefore, it was the trust settlor's express intent that the trust supplement, and not supplant, MA. Thus, the second factor also weighs in favor of concluding the trust is not an available asset.

The County contends the *McNiff* case is controlling, and it compels the conclusion the trust is an available asset. We disagree.

*McNiff* involved a trust created by a husband for his "invalid" wife and his daughter. The wife lived in a nursing home and MA paid for her care. The supreme court held the trust was an available asset for purposes of determining the wife's eligibility for MA. *McNiff,* 287 Minn. at 44–45, 176 N.W.2d at 892.

*McNiff* is distinguishable from this case. First, as to the type of trust, the court in *McNiff* held the wife could "compel the trustee to disburse at least a portion of the trust assets for her benefit" because the settlor "did not grant the trustee authority to exclude either of the beneficiaries." *Id.* at 44–45, 176 N.W.2d at 892. Thus, in *McNiff* the trust was not a true discretionary trust. The trust of which appellant is a beneficiary is a true discretionary trust. Unlike the wife in *McNiff,* appellant has no power to compel the trustee to disburse trust assets to him.

Second, in *McNiff* the settlor did not express an intent that the trust was to supplement rather than supplant any government assistance which was or might be available to his wife. In contrast, the trust instrument in this case expressly sets forth the settlor's intent that the trust supplement, and not supplant, any government assistance to appellant.

The County also claims *In re K.S.,* 427 N.W.2d 653 (Minn.1988), requires the conclusion the trust is an available asset. The rule established in *K.S.* for a minor's settlement fund does not apply to trusts. The *K.S.* court distinguished a minor's settlement fund from a trust and stated the existence of Minn.R. 9505.0060, subpt. 3 (1987) "indicates that a case-by-case analysis is necessary to determine the availability of trust funds." *K.S.,* 427 N.W.2d at 660 n. 7.

Finally, public policy also buttresses the conclusion that the trust is not available:

> The courts holding that a trust is not an available resource give effect to the settlor's intent * * *. They recognize that a settlor may want to supplement rather than to supplant public financial assistance. They reason that settlors attempting to provide for a handicapped person should not be required to either bankrupt estates or leave the disadvantaged party to the vagaries of public assistance programs. Additionally, these courts have not been willing to find that trust assets are available resources for medical assistance purposes when to do so would authorize a rapid and total dissipation of a trust estate intended to provide only supplementary benefits.

*Trust Co. of Okla.*, 825 P.2d at 1303 (footnotes omitted).

The cases that involve both a discretionary trust and clear settlor intent to supplement rather than supplant government assistance conclude the trust is not an available asset. *See id.* at 1299; *see also Zeoli v. Commissioner of Social Servs.*, 179 Conn. 83, 425 A.2d 553, 556–57 (1979); *Lineback by Hutchens v. Stout*, 79 N.C.App. 292, 339 S.E.2d 103, 107–08 (1986). We agree with this conclusion. We hold a trust is not an available asset for purposes of determining eligibility for MA where, as in this case, the trust is a discretionary trust and the trust settlor has expressly manifested an intent that the trust supplement and not supplant government assistance to the beneficiary of the trust.

## DECISION

The district court erred by concluding the trust is an available asset for purposes of determining appellant's MA eligibility.

**Reversed.**