**In the Matter of the WELFARE OF M.B.P.**

**No. C8-90-2516.**

Court of Appeals of Minnesota.

Aug. 13, 1991.

Review Denied Oct. 11, 1991.

Wright S. Walling, Laura Sahr Schmit, Walling & Berg, P.A., Minneapolis, for appellant Guardian Ad Litem of M.B.P.

Michael O. Freeman, Hennepin County Atty., Cory A. Carlson, Asst. County Atty., Minneapolis, for respondent Hennepin County.

Considered and decided by KALITOWSKI, P.J., and KLAPHAKE and AMUNDSON, JJ.

## OPINION

AMUNDSON, Judge.

The child's guardian ad litem challenges the trial court's order granting the county reimbursement from the child's personal injury minor settlement fund for community services provided to the child.

## FACTS

M.B.P. was born in August 1973. When she was four years old, M.B.P. was struck by a car and seriously injured. M.B.P.'s mother settled the ensuing lawsuit, with the district court's approval, for $100,000. After payment of attorney fees and expenses, the settlement balance of $50,-009.52 was placed in two savings accounts. The settlement provided the funds remain on deposit until M.B.P. attained the age of eighteen.

At the time of the accident, M.B.P. was in her mother's care. In 1985, M.B.P. was placed in foster care because of her mother's neglect. Three years later the trial court ordered permanent out-of-home placement.

Between 1985 and 1990 the county incurred $91,609.46 in community service costs for M.B.P.'s care and treatment. The costs were mainly for foster care. In June 1990 the county moved for reimbursement of its expenditures from M.B.P.'s minor settlement fund which had grown to $113,-000. The motion was granted. Notwithstanding the trial court's desire to limit the county's recovery, it concluded applicable statutes and case law required granting the county's motion. On appeal, M.B.P.'s guardian ad litem challenges the trial court's order granting reimbursement.

## ISSUE

Did the trial court err in determining the county was conclusively entitled to reimbursement for community service expenditures from the child's personal injury minor settlement account?

## ANALYSIS

■ In determining issues of law, this court does not defer to the trial court.

*Durfee v. Rod Baxter Imports, Inc.*, 262 N.W.2d 349, 354 (Minn.1977). We may make an independent judgment based on our own interpretation of applicable statutes and case law. *Charboneau v. American Family Ins. Co.*, 467 N.W.2d 830, 831 (Minn.App.1991).

Minnesota law provides that whenever any child who has mental retardation, or a related condition, is in 24-hour care outside the home, the county of financial responsibility shall pay for such care. Minn.Stat. § 252.27 subd. 1 (1990). The county is entitled, however, to reimbursement from the parents according to their ability to pay and from the child "up to the maximum amount of the total income and resources attributed to the child." *Id.*, subds. 2, 2b. The question we face therefore is whether a personal injury minor settlement fund is a resource attributable to the child.

■ We hold the trial court erred in determining the county was conclusively entitled to reimbursement for community service expenditures from M.B.P.'s minor settlement account. We conclude that pursuant to Minn.Stat. § 540.08 (1990), it is within the discretion of the trial court to determine whether the money in a personal injury minor settlement fund shall be made available to a child. Accordingly, it is within the discretion of the trial court to determine whether a minor settlement fund is attributable to the child under Minn.Stat. § 252.27, subd. 2b. Thus, the ultimate question of whether a county may be reimbursed from a personal injury minor settlement fund for community care services provided to a child is also within the discretion of the trial court.

Two Minnesota Supreme Court cases have addressed the issue of reimbursement from minor settlement funds. In *In re the Welfare of K.S.*, 427 N.W.2d 653 (Minn. 1988), the supreme court held that a minor settlement fund is a resource attributable to the child within the meaning of Minn. Stat. § 252.27 (1986) for medical assistance eligibility purposes. *Id.* at 660. Therefore, the county was entitled to reimbursement for medical expenses incurred for treat-

ment of the minor. *Id.* In the companion case, *Beltrami County v. Goodman,* 427 N.W.2d 662 (Minn.1988), the supreme court held that a minor's wrongful death settlement fund is available as income or resources under Minn.Stat. § 260.251, subd. 1(b) (1986) to reimburse a county for foster care services provided to a minor. *Id.* at 664. Section 260.51 concerns neglect-related out-of-home placements and treatment.

In *K.S.* and *Goodman* the court noted that neither section 252.27, subd. 2b nor section 260.251, subd. 1(b) limited in any way the types of resources attributable to the child from which a county may be reimbursed. The court stated it is up to the legislature to explicitly identify any exemptions or exceptions to the statutes. *K.S.,* 427 N.W.2d at 661; *Goodman,* 427 N.W.2d at 665.

In 1989 the legislature took heed of the supreme court's pronouncement and amended Minn.Stat. § 540.08, which controls a parent's action for the injury of a minor child, to remedy the inequities resulting in *K.S.* and *Goodman.* The legislature added the following language:

> Money or assets in an account established by the court under this section are *not available to the minor child* or the child's parent or guardian *until released by the court* to the child or the child's parent or guardian.

Minn.Stat. § 540.08 (Supp.1989) (emphasis added).

The amendment to section 540.08 is clear and unambiguous. Section 540.08 provides money or assets in a minor settlement fund are *not available* to the child until released by the court. Therefore, it is within the trial court's discretion to determine whether the money should be released to the child. If not released by the trial court,

then the minor settlement funds cannot be considered attributable to the child under Minn.Stat. § 252.27, subd. 2b. Moreover, if not attributable to the child, the minor settlement funds cannot be used to reimburse the county for community service expenditures.[1]

In this case, the trial court, relying solely on *K.S.,* concluded it must grant the county's motion for reimbursement from M.B.P.'s minor settlement fund. We hold the trial court erred in finding *K.S.* determinative. The 1989 amendment to Minn. Stat. § 540.08 reversed the initial presumption that a minor settlement fund is a resource attributable to the child within the meaning of Minn.Stat. § 252.27, subd. 2b.

We remand this case. On remand, the trial court must exercise its discretion and determine whether the money in M.B.P.'s minor settlement fund should be released to her under section 540.08. If the court determines the money should not be released to M.B.P., then the minor settlement fund is not attributable to her under section 252.27, subd. 2b. Accordingly, the trial court would have to deny the county's motion for reimbursement.

## DECISION

The trial court erred in granting the county reimbursement for community service expenditures from the child's minor settlement fund.

Reversed and remanded.

---

1. On the other hand, we recognize there may be some instances where a trial court would determine the money in a minor settlement fund should be released to the child under section 540.08. In these instances, the minor settlement would be attributable to the child under section 252.27, subd. 2b, and the county could property seek reimbursement.