### In the MATTER OF the WELFARE OF M. M.

No. C4–96–1893.

Court of Appeals of Minnesota.

March 25, 1997.

David L. Piper, Karim El–Ghazzawy, Minneapolis, for Appellant Guardian Ad Litem.

Michael O. Freeman, Hennepin County Attorney, Arthur W. Katzman, Assistant County Attorney, Minneapolis, for Respondent Hennepin County.

William R. Kennedy, Hennepin County Public Defender, Colin Nelson, Assistant Public Defender, Minneapolis, for Respondent M.M.

Considered and decided by NORTON, P.J., and KALITOWSKI and DAVIES, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant, M.M.'s guardian ad litem Connie Kirby, challenges the district court's determination that life insurance policy proceeds are "resources attributable to the child" that must be used to reimburse Hennepin County (county) for the cost of M.M.'s

care under Minn.Stat. § 260.251, subd. 1(b) (1996).

## FACTS

In 1990, the district court concluded that M.M., who was seven years old at the time, was a child in need of protection or services. M.M. has been in out-of-home placement since June of 1992. In 1993, M.M.'s mother died, leaving M.M. $20,000 as the sole beneficiary of her life insurance policy.

In March 1996, appellant commenced an action to require the county to disburse the $20,000 life insurance proceeds to M.M. on M.M.'s eighteenth birthday. The district court determined that because life insurance proceeds were resources attributable to M.M., they must be used to reimburse the county for the cost of foster care, and that the district court did not have discretion to determine if the money should be released to the child.

## ISSUE

Did the district court err in determining that life insurance proceeds were "resources attributable to" M.M. under Minn.Stat. § 260.251, subd. 1(b)?

## ANALYSIS

■ The interpretation of a statute presents a question of law subject to de novo review. *A.J. Chromy Constr. Co. v. Commercial Mechanical Serv., Inc.*, 260 N.W.2d 579, 582 (Minn.1977). Appellant asserts that the district court misinterpreted Minn.Stat. § 260.251, subd. 1(b), by deciding M.M.'s mother's life insurance proceeds were resources attributable to M.M. and, thus, available for reimbursement to the county for M.M.'s care. Further, appellant alleges the district court erred by holding it did not have discretion to decide whether the life insurance proceeds should be released to the child.

Minn.Stat. § 260.251, subd. 1(b), provides:
The court shall order, and the local social services agency shall require, the parents or custodian of a child, while the child is under the age of 18, to use the *total income and resources attributable to the*

*child* for the period of care, examination, or treatment, except for clothing and personal needs allowance as provided in section 256B.35, to reimburse the county for the cost of care, examination, or treatment. Income and *resources attributable to the child include, but are not limited to,* social security benefits, supplemental security income (SSI), veterans benefits, railroad retirement benefits, and child support.

(Emphasis added.) Prior to 1989, the Minnesota Supreme Court consistently interpreted the phrase in Minn.Stat. § 260.251, subd. 1(b), "resources attributable to the child include, but are not limited to" broadly, thus, making virtually all resources of the child available for payment of costs. *See Beltrami County v. Goodman*, 427 N.W.2d 662, 664 (Minn.1988) (construing phrase "but not limited to" to require "a broad interpretation"). The *Beltrami* court reasoned that "it [was] for the legislature to explicitly identify any exemptions or exceptions" to Minn.Stat. § 260.251, subd. 1(b). *Id.* at 665.

In 1989 the legislature amended Minn.Stat. § 540.08, a statute dealing with a parent's receipt of money as the result of an action for recovery from the injury of a minor child, by adding the following language:
Money or assets in an account established by the court under this section are not available to the minor child or the child's parent or guardian until released by the court to the child or the child's parent or guardian.

Minn.Stat. § 540.08 (1996). In two cases involving this amendment, this court determined that funds subject to Minn.Stat. § 540.08 were not automatically "attributable to the child" under Minn.Stat. § 260.251, subd. 1(b). *See In re the Welfare of M.B.P.*, 473 N.W.2d 389, 391 (Minn.App.1991) (remanding to district court for determination of whether minor settlement funds should be released by court and become available under Minn.Stat. § 540.08 and, thus, attributable to child under Minn.Stat. § 260.251, subd. 1(b), *review denied* (Minn. Oct. 11, 1991)); *In re the Welfare of M.F.*, 473 N.W.2d 367, 370 (Minn.App.1991) (holding district court erred in concluding children's minor settlement funds were automatically

attributable to children under Minn.Stat. § 260.251, subd. 1(b), because trial court should have first determined settlement funds availability under Minn.Stat. § 540.08).

We reject appellant's argument that Minn.Stat. § 540.08 is applicable to life insurance proceeds. By its express language, Minn.Stat. § 540.08 applies only to situations in which a parent is entitled to property on behalf of a child as the result of a legal action for injury to the child. In such cases the court acquires jurisdiction over the property to establish an account and to decide whether the funds should be released to the child or the child's parent or guardian. Here, there was no legal action for an injury and the district court does not have direct jurisdiction over the life insurance proceeds. Therefore, we conclude that under Minn.Stat. § 260.251, subd. 1(b), the district court does not have discretionary authority over the life insurance proceeds. In further support of this conclusion, we note that in amending Minn.Stat. § 540.08, the legislature chose to carve out a narrow exception to the *Beltrami County* rule that all resources not expressly excluded should be considered attributable to the child.

Absent application of Minn.Stat. § 540.08, the interpretation of Minn.Stat. § 260.251, subd. 1(b), in *Beltrami County* is controlling. We therefore conclude the life insurance policy proceeds are resources attributable to M.M. under Minn.Stat. § 260.251, subd. 1(b).

### DECISION

The district court properly determined the life insurance policy proceeds were resources attributable to M.M. that must be used to reimburse Hennepin County for the cost of M.M.'s care.

**Affirmed.**